1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
8        CENTRAL DISTRICT OF CALIFORNIA
9

10  LEWIS RUDZKI d/b/a DESIGN OUR  )   Case No. CV12-7121 BRO (FFMx)
    OWN,                           )   [Complaint filed August 17, 2012]
11                                  )
                Plaintiff,          )
12                                  )   [PROPOSED] ORDER GRANTING
       vs.                          )   PROTECTIVE ORDER
13                                  )
    HORIZON GROUP USA, INC. and    )   **Note Changes Made by Court**
    DOES 1-20,                     )
14                                  )
                Defendant.          )
15  _____ )

16        Upon stipulation of the parties for a protection order pursuant to Fed. R. Civ.
17  P. 26(c) governing the disclosure during pretrial discovery and the subsequent
18  handling of trade secret information, proprietary information, other confidential
19  commercial financial or personal information, and documents containing any such
20  information (hereinafter collectively referred to as "CONFIDENTIAL
21  INFORMATION"),
22  **IT IS HEREBY ORDERED THAT:**
23        **1.    Framework and scope of order.**
24              (a)    Absent further Court order, this Protective Order governs all
25  discovery in this action, court filings, and all material or information which a
26  producing party has designated as confidential in this action;
27  / / /
28  / / /

1  (b)     All material or information designated as confidential in this action, whether in documents, depositions, or otherwise, will be used solely for the purposes of this action and not for any other purpose, including any business purpose, and will not be used or disclosed outside the context of this action, unless compelled by court order or other governmental action; however, the parties contemplate a separate agreement regarding the use of such material in any action with which this action may be consolidated, or in any action involving related claims or defenses, so as to minimize or eliminate duplicative discovery;

(c)     Any person receiving confidential material shall not disclose that material to any person, except a person authorized to receive the material pursuant to this Protective Order, and shall make such disclosure only in strict compliance with this Protective Order;

(d)     Any person providing its confidential material retains the right to disclose the material by waiving the restrictions in this Protective Order for a particular purpose or use; and

(e)     **Any request for protection for** Confidential material or information ~~shall not be disclosed~~ in any hearing or trial which is open to the public **shall be raised before the hearing or trial with the judicial officer conducting the same** ~~beyond the provisions of this Protective Order or any amendment thereto~~. **(FFM)**

**2.     Definition of Confidential Material.**  This Protective Order shall govern, and shall be applied on a narrowly-tailored basis to protect, only documents, materials, items or information that materially consist of information that is entitled to confidential treatment under existing United States or California law (hereinafter "confidential material"), such as trade secrets defined by California Civil Code § 3426.1, financial information, personal information implicated or protected by privacy and/or due process rights created by the First and Fourteenth Amendments to the United States Constitution, article I, section 1 of the California Constitution, or

information submitted to a governmental office but subject to a statute, regulation, or public policy of confidentiality. For the purpose of this Protective Order, "confidential material" means any information of any kind which is designated as confidential in the manner specified in this Protective Order by the party supplying the information, including persons or entities who are not parties to this action, and all copies of such designated material. Confidential material may be contained in documents produced, testimony in depositions, exhibits, interrogatory answers, responses to requests for admissions, briefs, or otherwise. Confidential material under this Protective Order consists of two categories, "Confidential Information," and "Attorneys Only Information." Any materials which reproduce, paraphrase, summarize, or otherwise contain confidential material are also confidential in the same category as the original material. "Attorneys Only Information" is information which, if disclosed to the receiving party, might cause competitive or other harm to the designating party or provide unfair advantage to the receiving party, including, but not limited to, technical and/or research and development data, personal or private information of a confidential and/or proprietary nature, such as social security numbers, bank account information and the like, intellectual property, financial, marketing and other sales data, and/or information having strategic commercial value pertaining to the designating party's trade or business. The designation of "Attorneys Only Information" is intended to apply only to information that is not adequately protected by a "Confidential" designation because the receiving party could reasonably gain an unfair competitive advantage from the use of such information. Before designating any specific information "Attorneys Only Information," the designating party's counsel shall make a good faith determination that the information warrants such protection.

   **3.    Authorized Persons.** Except for the rights retained in paragraph 1(d) above, access to Confidential Information is restricted to the following authorized persons, and access to Attorneys Only Information is restricted to the persons

USDC Case No. CV12-7121 BRO (FFMx)
cv12-7121 rudzki prot order.wpd    [2209.1]
3
[PROPOSED] ORDER GRANTING
PROTECTIVE ORDER

described in this Paragraph 3, subdivisions 3(a) and 3(c)-(f), inclusive:

    (a)    Attorneys of record (including attorneys designated in pleadings as "of counsel") in this lawsuit and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    (b)    The individual parties and as to corporate parties the managing agents who are involved in this lawsuit;

    (c)    Independent persons retained by a party or its attorneys of record in this action to assist in this action (such as independent experts, economists, accountants, expert witnesses and other consultants, copy services, process servers, attorney services, and the necessarily involved employees of such persons);

    (d)    This Court and its employees;

    (e)    Court reporters transcribing testimony taken in this action and notarizing officers; and

    (f)    As to any document containing confidential material, the person who generated the material or authored the document or was an addressee of the document or received a copy of the document at the direction of, and with the consent of, the disclosing party, is an authorized person with respect to that document in the context of deposition testimony or interrogatories addressed to that party.

**4.**    **Designating Confidential Material.**  Each document which contains confidential material in the "Attorneys Only Information" category shall be prominently marked with the designation "Attorneys Only Information" or a similar designation.  All other documents containing confidential material shall be marked prominently "Confidential Information" or "Confidential".  The markings apply to documents produced, exhibits, discovery requests and responses, motion papers, and all other documents which reproduce, paraphrase, summarize, or otherwise contain confidential material.

**5.**    **Depositions.**  Counsel for any party or for a witness may orally on the record designate deposition testimony or exhibits as confidential material during the

1  course of a deposition. All depositions shall be treated in their entirety as Attorneys
2  Only Information for a period of 21 days after receipt of the transcript. During that
3  21-day period, counsel for any party or for a witness may designate portions of the
4  deposition as Attorneys Only Information or Confidential Information by listing the
5  page and lines of those portions so considered and advising all counsel of record of
6  that designation. Any deposition exhibit or testimony portion so designated shall not
7  be filed with the court except in accordance with paragraph 6 of this Protective Order.
8        **6.**    **Filing Confidential Material With the Court.** Any party seeking to file
9  documents under seal with the court shall comply with the provisions of Local Rule
10 79-5.1.
11       **7.**    **Authorized Person Acknowledgment.** Before disclosing confidential
12 material to any authorized person, except to an attorney of record, this Court and its
13 employees or the Court reporters transcribing testimony taken in this action and
14 notarizing officers, counsel for the party making such disclosure shall provide each
15 such person with a copy of this Protective Order, shall advise each such person not to
16 disclose any Attorneys Only Information or Confidential Information material to any
17 other person and that violation of this Protective Order will subject such person to the
18 sanctions of this Court, and each such person shall agree in writing to comply with the
19 terms of this Protective Order in the form of Exhibit A to this Protective Order. For
20 example, a court reporter must sign such an acknowledgment before taking a
21 deposition. The original acknowledgments shall be maintained by the attorney for the
22 party who designated such person.
23       **8.**    **Discovery From Third Parties.** When documents, testimony, or other
24 material is sought in discovery in this action from a person (including any business
25 entity) who is not a party, any party who has a claim of confidentiality may designate
26 certain documents or a category of documents, and certain testimony, as Attorneys
27 Only Information or Confidential Information under this Protective Order, and the
28 person from whom discovery is sought may similarly make such a designation.

Documents and material so designated shall be treated under the provisions of this Protective Order. Any and all documents produced in response to a third-party or non-party subpoena issued by one party shall be provided to the other party for review and designation of either "Confidential Information" or "Attorneys Only Information."

9. **Protection of Confidential Material.** No copies of any confidential material shall be made except to the extent necessary for this lawsuit. All copies of confidential material shall be kept in secure areas at the offices of outside counsel or persons of the kind described in paragraph 3 or in the personal custody and control of such persons.

10. **Customer Contact.** The identity and contact information of the customers of the parties to this action are and shall remain confidential. No party shall initiate contact with the customers of any other party in reliance on any identification or contact information produced in this action, except for the narrow purposes of this litigation or service of process.

11. **Client Consultation.** Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated unless permitted hereunder, agreed upon by the parties or authorized by the Court.

12. **Challenging a Designation.** Any party may challenge at any time the propriety of a designation of material as Attorneys Only Information or Confidential Information. Before such a challenge is made, the parties shall attempt to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved on an informal basis, any challenge to the propriety of a designation shall be made pursuant to the provisions of Local Rule 37. In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as

1  confidential shall bear the burden of showing that specific prejudice or harm will
2  result if no protective order is granted.

3        **13.**   **<u>No Admission</u>.** The designation by a disclosing party of material as
4  Attorneys Only Information or Confidential Information is intended solely to facilitate
5  the preparation and trial of this action. Such designation is not an admission by any
6  party that the designated disclosure constitutes or contains any confidential material.
7  Disclosure of confidential material is not a waiver of any right of the producing party
8  to object to admissibility.

9        **14.**   **<u>Conclusion of Action</u>.** Upon the final determination of this action, all
10 documents, transcripts of testimony, discovery responses, and other papers subject to
11 the provisions of this Protective Order which the Court deemed confidential material
12 for good cause prior to the commencement of trial, shall be delivered by counsel for
13 the receiving party to counsel for the producing party or it shall be destroyed, and
14 counsel for the receiving party shall certify in writing to the producing party that all
15 such documents have been destroyed. All copies of summaries, memoranda and notes
16 reflecting the contents or substance of such documents shall either be delivered or
17 destroyed as described above. The provisions of this Protective
18 Order or any other order entered in this action restricting the disclosure or use of
19 confidential material shall continue to be binding at the conclusion of this action.

20       **15.**   **<u>Third Party Subpoena or Order</u>. If a party to whom Confidential or**
21 **Confidential Attorney's Eyes Only material has been produced is subpoenaed or**
22 **ordered by another court or administrative agency to produce information that**
23 **is subject to this protective order, such party shall notify promptly the party who**
24 **produced the material of the pending subpoena or order. It is the producing**
25 **party's responsibility to take whatever action it deems appropriate to challenge**
26 **the subpoena or order in the issuing court or agency. The party subject to the**
27 **subpoena or order shall not produce any Confidential or Confidential Attorney's**
28 **Eyes Only materials in advance of the date required by the subpoena or order.**

1  **Nothing herein shall be construed as relieving anyone subject to this order from**
2  **any obligation to comply with a validly issued subpoena or order.  (FFM)**
3       IT IS SO ORDERED.
4
5  Dated: September 16, 2013
6
7                                  By:   /S/ FREDERICK F. MUMM
                                         FREDERICK F. MUMM
8                                        United States Magistrate Judge